IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | No. 3-22-CR-00352-K |
| | § | |
| TIMOTHY LYNCH BARTON | § | |
| | § | |
| *Defendant* | § | |

**DEFENDANT BARTON'S UNOPPOSED MOTION AND BRIEF TO
CONTINUE THE TRIAL AND TO AMEND THE SCHEDULING ORDER
TO EXTEND CASE REALATED DEADLINES FOR A CONTINUED TRIAL**

Defendant Timothy L. Barton files this motion requesting that the Court continue the trial date for sixty (60) days until February 2023. The Defendant further moves to amend the Court's scheduling order to adjust case-related deadlines for a continued trial date, in particular the Court's current deadline for filing pretrial motions. The Government does not oppose the foregoing requests.

**I.      Background**

On September 20, 2022, the grand jury charged defendant Timothy L. Barton in a nine-count indictment with Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts 1-7), Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count 8), and Securities Fraud, 15 U.S.C. §§ 78j(b) and 78ff (Count 9), which was filed under seal in this Court. Mr. Barton was arrested on September 23, 2022, on which day the indictment was unsealed. Mr. Barton's dawn arrest was the first time either he or his then-counsel had any notice of a pending criminal investigation. Mr. Barton was released under conditions on September 26, 2022. (Doc. 12).

In the ensuing weeks, Mr. Barton worked hard to assemble a team of lawyers to defend the criminal prosecution, with one his law firms having been retained and entered an appearance only two weeks ago.

On October 4, 2022, the Court entered a pretrial scheduling order, setting certain pretrial deadlines, and a trial date of December 5, 2022. (Doc. 15, at 1). Under that order, the Defendant must file any pretrial motions by November 4, 2022. (Doc. 15, at 1).

This case concerns allegations of the mishandling of more than 20 million dollars of loan proceeds in connection with more than a half-dozen complex real estate redevelopment projects, spanning nearly a half-decade. Needless to say, this case concerns sophisticated commercial transactions for which documentary evidence is crucial.

In light of the importance and volume of documentary evidence, the Government has begun to produce on November 2, 2022 one of several hard drives of electronic discovery pursuant to its discovery obligations. The Government has indicated it will provide the remaining materials, which appear to constitute a vast majority of what must be produced, in the near future.

On the same day that Mr. Barton was arrested—September 23, 2022—the Securities and Exchange Commission ("SEC") filed a complaint against him, a Dallas real estate developer, Stephen T. Wall, and a Chinese national, Haoqiang Fu (also known as "Michael Fu"). *SEC v. Barton, et al.,* N.D. Tex. No. 3:22-CV-2118-X. On October 18, 2022, U.S. District Judge Brantley Starr granted the SEC's motion to appoint a receiver over every company that Mr. Barton owns or controls. The receiver then seized Mr. Barton's office and personal residence, to which he no longer has access. Mr. Barton must obtain access to business and personal documents in his office and residence in order to prepare his defense to this criminal case, and relief from the receiver's actions has not yet occurred.

**II.     The Court Should Continue the Trial for Sixty Days (Until February 2023) and Amend the Scheduling Order to Push Current Case Related Deadlines to January 2023.**

Defendant requests that the Court continue the trial for approximately sixty (60) days from December 5, 2022, until February 2023 and to amend the scheduling order to extend case-related deadlines, including the deadline for the Defendant to file pretrial motions accordingly.

The defense team needs to receive and understand the scope of pretrial discovery. Moreover, in light the SEC court-appointed receiver seizing Mr. Barton's office and residence, Mr. Barton also needs more time to regain access to his business and personal documents that he will need adequately to prepare for trial. The combination of the volume of Government productions yet to come and the Securities and Exchange Commission's efforts to evict Mr. Barton from his office and residence and to effectively cut him off from the materials necessary to defend himself, makes this continuance necessary and in the interests of justice.

The Speedy Trial Act generally requires a criminal defendant's trial to start within seventy days of indictment or arraignment, whichever occurs later. 18 U.S.C. § 3161(c)(1). But "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497 (2006). To "provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Id*. Relevant here, the Act excludes "[a]ny period of delay resulting from a continuance granted" on, inter alia, "the request of the defendant" as long as "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). One pertinent factor is whether the failure to grant a continuance "would deny counsel for the defendant . . . the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

Here, Mr. Barton needs time to obtain and review a substantial amount of discovery from the government. After that review, Mr. Barton's counsel will likely need time to interview potential witnesses, research various legal and factual issues, and file pretrial motions. Moreover, Mr. Barton must regain access to his business and personal files currently under the control of the receiver. Both the Government and Barton agree that, under these circumstances, the ends of justice are served by granting the continuance and that such action outweighs the best interest of the public and the defendant in a speedy trial.

### IV.  Conclusion

Defendant Timothy Barton respectfully requests that the Court continue the trial in this matter for sixty (60) days until February 2022 and amend the scheduling order to extend case-related deadlines to corresponding dates in January 2023 .

Dated: November 4, 2022                                    Respectfully submitted,

*/s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*application for admission pending*)
medney@huntonak.com
Sean B. O'Connell
State Bar No. 24103142 (*application for admission forthcoming*)
soconnell@huntonak.com
Michael Dingman
Virginia Bar No. 95762
DC Bar No. 90001474 (*application for admission forthcoming*)
mdingman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037

Phone: (202) 955-1500
Facsimile: (202) 778-2201

Ted A. Huffman
State Bar No. 24089015
thuffman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Phone: (214) 979-3000
Facsimile: (214) 740-7110

Richard B. Roper
State Bar No. 17233700
richard.roper@hklaw.com
Javan Porter
State Bar No. 24116912
javan.porter@hklaw.com
**HOLLAND & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: (214) 969-1345
Facsimile: (214) 999-9252

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF CONFERENCE

On November 2, 2022, I conferred with Assistant United States Attorney Renee Hunter who informed me that the government does not oppose the requested 60-day continuance of trial and an extension of case-related deadlines.

*/s/ Richard B. Roper*
Richard B. Roper

## CERTIFICATE OF SERVICE

On November 4, 2022 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*
Michael J. Edney